[Crim. No. 7097. In Bank. Apr. 16, 1962.]

In re MAE E. BUSCH on behalf of ROGER ADOLPH BUSCH on Habeas Corpus.

THE PEOPLE, Plaintiff and Respondent, v. HENRY ADOLPH BUSCH, Defendant and Appellant.

Al Mathews for Petitioner.

Stanley Mosk, Attorney General, John S. McInerny and Albert W. Harris, Jr., Deputy Attorneys General, for Respondent.

THE COURT. — Henry Adolph Busch was found guilty of murder in the first degree for the killing of Mrs. Margaret Briggs, of murder in the second degree for the killing of two other women, and of assault with intent to murder a fourth woman. He confessed to the murders and did not take the stand in his own behalf. The jury fixed the penalty at death for the murder of Mrs. Briggs. On each of the other counts Busch was sentenced to imprisonment for the term prescribed by law, sentences to run concurrently. The judgment was affirmed in *People* v. *Busch,* 56 Cal.2d

868 [16 Cal.Rptr. 898, 366 P.2d 314], and he was ordered to be executed on March 14, 1962.

On March 13 Mae E. Busch, half sister and adoptive mother of Busch, applied to this court for a writ of habeas corpus or a writ of error coram nobis. An order to show cause was issued, and the judgment of death was stayed.

The petition and supporting affidavits charged that the police knew that a certain witness could testify to facts material to the defense and that the evidence had been suppressed. The return and counteraffidavits establish to our satisfaction that neither the police nor the district attorney knew of the existence of the witness or the evidence, whereas defendant's attorney had sufficient information to put him on inquiry. In addition, the evidence which was assertedly suppressed appears to be consistent with the theory of the prosecution and was not such as would have prevented entry of the judgment. (*Cf. People* v. *Tuthill*, 32 Cal.2d 819, 821-822, 827 [198 P.2d 505].)

The order to show cause is discharged, the petition is denied, and the stay heretofore granted is terminated. This decision is final forthwith.